

# Notice of Service of Process

null / ALL
Transmittal Number: 24831631
Date Processed: 04/27/2022

| | |
|---|---|
| Primary Contact: | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |
| Entity: | State Farm Mutual Automobile Insurance Company<br>Entity ID Number  3461675 |
| Entity Served: | State Farm |
| Title of Action: | Virginia Farm Bureau Fire & Casualty Insurance Company, vs. State Farm Fire And Casualty Company |
| Matter Name/ID: | Virginia Farm Bureau Fire & Casualty Insurance Company, vs. State Farm Fire And Casualty Company (12234012) |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Greene County Circuit Court, VA |
| Case/Reference No: | CL22000185-00 |
| Jurisdiction Served: | Virginia |
| Date Served on CSC: | 04/27/2022 |
| Answer or Appearance Due: | 21 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Sinnott, Nuckols & Logan, P.C.<br>804-378-7600 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

EXHIBIT 1

# COMMONWEALTH OF VIRGINIA



## SUMMONS – CIVIL ACTION
RULE 3:5; VA. CODE § 8.01-2

Case No. CL22000185-00

GREENE COUNTY CIRCUT COURT

22 COURT ST., STANARDSVILLE, VA 22973

ADDRESS

TO:

CORPORATION SERVICE COMPANY

REGISTERED AGENT

100 SHOCKOE SLIP, 2ND FLOOR

RICHMOND, VA 23219

CIVIL PROCESS
2022 APR 22 AM 11:17
RICHMOND CITY SHERIFF'S OFFICE

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia.

APRIL 19, 2022
DATE

SUSAN E. DUCKWORTH                Clerk

by _____
       DEPUTY CLERK

Instructions: _____

Hearing Official: _____

FORM CC-1400 MASTER 10/13

VIRGINIA:

IN THE CIRCUIT COURT FOR GREENE COUNTY

| | |
|---|---|
| VIRGINIA FARM BUREAU FIRE AND CASUALTY COMPANY )<br><br>Plaintiff, )<br><br>v. )<br><br>STATE FARM FIRE AND CASUALTY COMPANY )<br><br>SERVE ON: )<br>Corporation Service Company, Registered Agent )<br>100 Shockoe Slip, 2nd Floor )<br>Richmond, VA 23219, )<br><br>Defendant. ) | Case No. CL22-185 |

## COMPLAINT
### (DECLARATORY JUDGMENT)

COMES NOW, the Plaintiff, Virginia Farm Bureau Fire & Casualty Insurance Company ("VFB"), by counsel, pursuant to Virginia Code §§ 8.01-184 *et seq.*, and petitions this Court to declare the rights, duties, and obligations of the parties to this controversy, if any, under Virginia Code §8.01-379.2:1, by reason of the following:

### THE PARTIES

1. At all relevant times, VFB was an insurance company organized under the laws of the Commonwealth of Virginia and headquartered at 12580 West Creek Parkway, Richmond, Virginia 23238.

2. At all relevant times, State Farm Fire and Casualty Company ("State Farm") was a stock corporation and insurance company organized under the laws of the State of Illinois and headquartered at 1 State Farm Plaza, Bloomington, IL 61710, doing business in the Commonwealth of Virginia, including in Greene County, Virginia.

## JURISDICTION

3.      This Court has jurisdiction over State Farm, as State Farm does substantial business in, and has systematic contact with, the Commonwealth of Virginia.

## VENUE

4.      Venue for this action properly lies in this Court, as all or a portion of the acts and/or omissions complained of occurred in Greene County.

## UNDERLYLING LOSS

5.      At all relevant times, Walton Thompson ("Thompson") owned that certain real property, located at 14309 Spotswood Trail, in Greene County, Virginia (the "Property").

6.      At all relevant times, the Property was covered by a policy of insurance issued by VFB.

7.      At all relevant times, the Property was utilized by Thompson as a residential rental property.

8.      As of December 9, 2019, Thompson rented the Property to a certain Raymond Taylor ("Taylor"), deceased[1].

9.      As of December 9, 2019, Taylor was insured pursuant to a policy of insurance issued by State Farm.

10.      On or about December 9, 2019 the Property suffered damage due to a fire (the "Fire").

11.      An investigation revealed that the area of origin of the Fire was at or near a sofa and a heat lamp located in the living room.

12.      On December 12, 2019, VFB representative Carla Keesee ("Keesee"), and Fire Technology Consultants, LLC representative, William Niemann ("Niemann"), conducted an investigation of the Property.

---

[1] Taylor died on February 2, 2022.

13. On, prior to, and subsequent to December 12, 2019, State Farm was aware that VFB was a claimant and that it intended to subrogate as against its insured, Taylor, with respect to the subject fire.

14. Niemann was hired by State Farm to conduct the investigation and, with respect to all issues in this matter, acted at its direction and as its agent.

15. Keesee and Niemann returned to the Property on or about December 16, 2019 to continue their investigation.

16. Upon information and belief, on or about December 16, 2019, Niemann took the heat lamp and samples from the couch for lab testing.

17. Upon information and belief, on or prior to January 3, 2020, State Farm advised Greene County investigators that it determined that the fire was incendiary in nature.

18. Upon information and belief, by March 6, 2020, State Farm had scheduled two Examinations Under Oath with Taylor which he had cancelled or had not appeared.

19. Upon information and belief, as of June 2, 2020, State Farm was aware that the Commonwealth of Virginia intended to prosecute Taylor for allegedly intentionally setting the subject fire.

20. On or about June 8, 2020, the Commonwealth of Virginia commenced criminal proceedings against Taylor by direct indictment, charging him with arson.

21. On or about August 14, 2020, State Farm mailed a letter to VFB advising that "We have disclaimed coverage to our insured due to breach of policy conditions". See Exhibit A.

22. State Farm never provided any Reservation of Rights letters to VFB.

23. On or about October 5, 2021, Neimann stated to Taylor's defense counsel that "We no longer have the [the heat lamp and couch samples] in inventory, we were instructed by State Farm Insurance to discard the items."

24. Upon information and belief, no lab testing of the heat lamp, including its wiring or components, was performed.

3

25. Upon information and belief, that State Farm, by its agent Kevin Ptachick, directed Fire Technology Consultants, LLC to destroy all the evidence, including the heat lamp, on January 27, 2021.

26. In or around December, 2021, the case against Taylor was dismissed, in part, because Taylor filed a motion to dismiss alleging that State Farm destroyed exculpatory evidence.

## SPOILATION

27. Virginia Code §8.01-379.2:1 provides:

> A. A party or potential litigant has a duty to preserve evidence that may be relevant to reasonably foreseeable litigation. In determining whether and at what point such a duty to preserve arose, the court shall include in its consideration the totality of the circumstances, including the extent to which the party or potential litigant was on notice that specific and identifiable litigation was likely and that the evidence would be relevant.
> B. If evidence that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, or is otherwise disposed of, altered, concealed, destroyed, or not preserved, and it cannot be restored or replaced through additional discovery, the court (i) upon finding prejudice to another party from such loss, disposal, alteration, concealment, or destruction of the evidence, may order measures no greater than necessary to cure the prejudice, or (ii) only upon finding that the party acted recklessly or with the intent to deprive another party of the evidence's use in the litigation, may (a) presume that the evidence was unfavorable to the party, (b) instruct the jury that it may or shall presume that the evidence was unfavorable to the party, or (c) dismiss the action or enter a default judgment.
> C. Nothing in this section shall be interpreted as creating an independent cause of action for negligent or intentional spoliation of evidence.

Va. Code §8.01-379.2:1.

28. As of December, 2019, when Niemann was conducting his investigation of the Property on behalf of State Farm, State Farm knew, or should have known, that civil litigation and/or criminal proceedings arising out of the Fire were likely and that evidence collected at the Property in the course of the investigation would be relevant.

4

29. At all relevant times State Farm was aware of VFB's subrogation claim.

30. As such, State Farm had a duty to preserve the evidence collected by Niemann, including without limitation, the heat lamp and couch samples.

31. State Farm, by and through its authorized agents, recklessly or otherwise disposed of, altered, concealed, destroyed, and/or failed to preserve relevant evidence, including without limitation, the heat lamp, which cannot be restored or replaced through additional discovery, prejudicing VFB.

## VIOLATION OF §38.2-2226

32. State Farm failed to notify VFB of its intent to rely on a breach of the terms and conditions of its policy with Taylor within 45 days after discovery.

33. State Farm failed to give VFB notice of any Reservation of Rights letter(s), if any, it sent to Taylor.

34. State Farm's defense coverage of breach of the terms and conditions of the policy is waived pursuant to § 38.2-2226.

WHEREFORE, the plaintiff, Virginia Farm Bureau Fire & Casualty Insurance Company, respectfully prays for the following relief:

    a. That this Court declare that State Farm owes full coverage to Raymond Taylor and his Estate with respect to the subject fire and any and all claims arising out of it;

    b. That this Court declare that State Farm had a duty to preserve evidence collected by its agents and/or assigns, and/or on State Farm's behalf at the Property, including without limitation, the heat lamp and couch samples;

    c. That this Court declare that State Farm breached its duty to preserve evidence collected by its agents and/or assigns, and/or on State Farm's behalf at the Property;

    d. That this Court declare that VFB was prejudice by State Farm's failure to preserve and/or destruction of relevant evidence;

5

e. That this Court declare that State Farm acted recklessly and/or with the intent to deprive either Taylor or VFB from utilizing the heat lamp and other materials removed from the Property during Neimann's investigation;

f. That this Court declare default judgment as against State Farm;

g. That this Court declare that State Farm violated § 38.2-2226;

h. That this Court declare that State Farm's coverage defenses based on alleged breach of the terms and conditions of its subject policy are waived;

i. That the Court award VFB its costs expended herein; and

j. That the Court grant VFB such other relief as may be warranted, just, necessary, or proper under the circumstances in this matter.

Respectfully submitted,

VIRGINIA FARM BUREAU FIRE AND
CASUALTY INSURANCE COMPANY

By: _____
Of Counsel

Allen L. Kidd, Esq. (VSB # 75076) (DD-804-893-3856)
Benjamin F. Dill., Esq. (VSB #93000) (DD-804-893-3863)
SINNOTT, NUCKOLS & LOGAN, P.C.
13811 Village Mill Drive
Midlothian, Virginia 23114
(804) 378-7600 (Office Main)
(804) 378-2610 (Facsimile)
akidd@snllaw.com; bdill@snllaw.com

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*

 StateFarm®

August 14, 2020

Virginia Farm Bureau
Attn: Brenda Bulifant
PO Box 27552
Richmond VA  23261-7552

**State Farm Claims**
PO Box 52257
Phoenix AZ 85072-2257

RE:   Claim Number:              46-03L3-26W
      Date of Loss:               December 9, 2019
      Our Insured:                Raymond A Taylor
      Our Insured Policy Number:  46C9H8437
      Your Insured:               Walton Thompson
      Your Claim Number:          HP19197759

Dear Brenda:

We have reviewed all information received regarding this incident.

Our investigation has determined that no coverage exists under our insured's Renters policy. We have disclaimed coverage to our insured due to breach of policy conditions.

If you have any other information for us to consider please forward it to us.

Sincerely,


Kevin F Ptachick
Claim Specialist
(800) 331-1169  Ext. 3099946542
Fax:    (844) 236-3646

State Farm Fire and Casualty Company



PLAINTIFF'S EXHIBIT

VIRGINIA:

IN THE CIRCUIT COURT FOR GREENE COUNTY

| | |
|---|---|
| VIRGINIA FARM BUREAU FIRE<br>AND CASUALTY COMPANY<br><br>        Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND<br>CASUALTY COMPANY<br><br>SERVE ON:<br>    Corporation Service Company, Registered Agent<br>    100 Shockoe Slip, 2nd Floor<br>    Richmond, VA 23219,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CL 22-185<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION, INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

COMES NOW the Plaintiff, Virginia Farm Bureau Fire & Casualty Insurance Company ("VFB"), pursuant to Rules 4:8, Rule 4:9 and 4:11 of the Rules of the Supreme Court of Virginia, and propounds the following *First Requests for Admission, Interrogatories and Requests for Production of Documents to Defendant:*

### DEFINITIONS

1. "Communication" means every manner or means of disclosure, transfer, or exchange of information of any kind, including, but not limited to, letters, e-mails, and other correspondence.

2. "Date" means the day, month, and year or so much thereof as is known.

3. "Describe" means to set forth fully and unambiguously, using technical terms or words of art, if necessary, each and every fact of which you have knowledge that is relevant to the answer called for by the Interrogatory.

4. "Document" means any written, recorded, or graphic matter, however produced or reproduced, whether or not in your possession, custody, or control, and whether or not claimed to be privileged against discovery on any ground, including, but not limited to, reports, records, lists, memoranda, communications, telegrams, schedules, photographs, sound recordings, films, or other documents or writings of any kind whatsoever.

5. "Identify," when used in reference to a natural person, means to state his or her full name, present or last known address, present or last known phone number, and present or last known position and business affiliation.

6. "Identify," when used in reference to a business entity, means to state the business entity's full name and the address of its principal place of business.

7. "Individual" means any and all natural persons, business associates, corporations, partnerships, limited partnerships, joint ventures, estates, trusts, bank savings associations, governmental agencies, departments, commissions, boards, and committees.

8. "Related" means constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, concerning, or referring to, either directly or indirectly.

9. "Representative" includes, but is not limited to, any and all officers, directors, agents, servants, employees, partners, attorneys, experts, and consultants.

10. "You" means the Defendant and any of his/her representatives.

11. Whenever relevant, words in the singular shall include the plural thereof.

12. The words "and" and "or" shall each include "and/or".

## REQUESTS FOR ADMISSION

1. Admit that as of December 12, 2019 you were aware that VFB was a claimant with respect to the subject fire of December 9, 2019.

**RESPONSE:**

2.Admit that you failed to give VFB notice of any breach of any term or condition of the subject policy issued to Raymond Taylor within 45 days as required by Va. Code Ann. § 38.2-2226.

**RESPONSE:**

3.Admit that you failed to give VFB notice of any Reservation of Rights which you issued in relation to the subject policy and fire of December 9, 2019.

**RESPONSE:**

4.Admit that you failed to preserve and destroyed evidence relating to the subject fire of December 9, 2019.

**RESPONSE:**

5.Admit that you acted recklessly in your failure to preserve and in your destruction of evidence relating to the subject fire of December 9, 2019.

**RESPONSE:**

6.Admit that VFB was and is prejudiced by your failure to preserve evidence and by your destruction of evidence relating to the subject fire of December 9, 2019.

**RESPONSE:**

7. Admit that you acted recklessly in your failure to preserve evidence and in your destruction of evidence relating to the subject fire of December 9, 2019.

**RESPONSE:**

## INTERROGATORIES

1. Identify each individual who provided information used to answer these Interrogatories.

**ANSWER:**

2. Identify each individual believed by you to have knowledge of facts relevant to any allegation in the *Complaint*.

**ANSWER:**

3. Identify each individual you intend to call to testify as an expert witness at the trial of this matter and, for each such witness, state the subject matter on which he/she is expected to testify, the substance of the facts and opinions to which he/she is expected to testify, and a summary of the grounds for each opinion.

**ANSWER:**

4. State when you first became aware of a breach of a term or condition of the subject insurance policy.

**ANSWER:**

5. If you have knowledge of any statement (as defined in Rule 4:1(b)(3)) relevant to any allegation in the *Complaint*, identify the individual who made the statement, identify the individual to whom the statement was made, state whether the statement has been transcribed or reduced to writing, and identify the custodian of any such transcription or writing. In the alternative, produce a copy of the statement.

**ANSWER:**


6. State all facts upon which you rely to support any affirmative defense asserted in your responsive pleadings to the *Complaint*.

**ANSWER:**


7. If you contend that you timely gave Virginia Farm Bureau notice pursuant to § 38.2-2226, state all facts upon which you rely to support your contention.

**ANSWER:**


8. If you contend that you did not spoliate evidence in relation to the subject fire of December 9, 2019, state all facts upon which you rely to support your contention.

**ANSWER:**


9. For each of the Requests for Admission not admitted to in its entirety, please state each and every fact on which you rely to support your denial.

**ANSWER:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Produce copies of the following the documents to Sinnott, Nuckols & Logan, P.C., 13811 Village Mill Drive, Midlothian, Virginia 23114, within the time period permitted by the Rules of the Supreme Court of Virginia:

1. All documents identified in or relied upon in preparing your Answers to Interrogatories.

**RESPONSE:**

2. All written or recorded statements relevant to any allegation in the *Complaint*.

**RESPONSE:**

3. All documents relating to your decision to deny coverage to Raymond Taylor with respect to the subject fire.

**RESPONSE:**

4. All documents relating to your denial of coverage to Raymond Taylor with respect to the subject fire.

**RESPONSE:**

5. All documents relating to any notice of any breach of any term or condition of the subject policy which you claim to have given to Virginia Farm Bureau.

**RESPONSE:**

6. If you have asserted any affirmative defenses in your responsive pleadings to the *Complaint*, all documents upon which you rely to support such defenses.

**RESPONSE:**

7. All documents related to any governmental investigation of the fire that is the subject of this litigation.

**RESPONSE:**

8. All documents or demonstrative evidence you intend to present at the trial of this matter.

**RESPONSE:**

9. All documents received in response to any Freedom of Information Act request issued in connection with this action.

**RESPONSE:**

10. All documents received in response to a subpoena *duces tecum* issued in this action.

**RESPONSE:**

VIRGINIA FARM BUREAU FIRE AND
CASUALTY INSURANCE COMPANY

By: _____
        Of Counsel

Allen L. Kidd, Esq. (VSB # 75076) (DD-804-893-3856)
Benjamin F. Dill., Esq. (VSB #93000) (DD-804-893-3863)
SINNOTT, NUCKOLS & LOGAN, P.C.
13811 Village Mill Drive
Midlothian, Virginia 23114
(804) 378-7600 (Office Main)
(804) 378-2610 (Facsimile)
akidd@snllaw.com; bdill@snllaw.com